John Flaherty
vs.                    W. C. A. Pet.
Antimo Conti          No. 1184.

## DECISION.

March 1, 1934.

WALSH, J. This matter comes before us on the petition of an employee to recover compensation under the Workmen's Compensation Act by reason of injuries sustained, as he claims, in the course of his employment as a laborer, on August 27, 1930.

The testimony shows that on August 27, 1930, the petitioner was employed as a laborer by Antimo Conti in the digging of a trench on Broadway in the City of Providence. The petitioner says that at the completion of this job, in getting himself out of the trench, he placed both hands on the side of the trench and attempted to lift his body out; in so doing, his right hand came in contact with a bottle or piece of glass which punctured the palm of his right hand at the base of the middle finger, inflicting a wound there. The petitioner further says that on that night he reported the accident to his boss. His boss denies this. It is clear that the next morning the hand was swollen and inflamed and that the petitioner was taken to Dr. DiLeone for treatment. It is also uncontradicted that Dr. DiLeone treated the hand for two weeks and at the end of that time considered the hand well, but with the reservation, as I read his testimony, that if any further trouble developed he thought an X-ray was advisable.

There is no doubt in my mind but what the petitioner went back to work on the 15th of September, but it also seems clear to me that at that time in his right hand there were at least four particles of glass. That glass was not removed until October 7th and October 17th, so it is fair to assume that the hand was not thoroughly well; that there was some irritation there and that there might have been some suppuration or pus in the wound. The petitioner is not definite as to a good many things but he kept some sort of a record of his visits to the hospital and his testimony on those facts is reasonably certain. There are spots in the testimony in regard to his jobs and where he worked that are not quite so clear, but we must allow for his position in life; we must allow for his opportunity to remember those things accurately. I must find that on the 27th of August, 1930, John Flaherty, while in the employ of Antimo Conti and while in the course of his employment, digging a trench, did receive this injury; that this injury was not caused by the wrongful act of the petitioner or by his intoxication; that the injury consisted of a laceration of the palm of the right hand caused by glass and that an infection followed this laceration. Having found those things to be true, the next difficulty I have is in finding the remedy which I may give him under

the Compensation Act. I think in all fairness, we must conclude that on November 7th, when he was referred to the physiotherapy department for this tingling sensation in his hand, the wound itself had been thoroughly cleansed; that all the foreign matter had been removed therefrom and the hand had become thoroughly healed as far as the physical appearance went, and that on that date he was able to go out and do his ordinary work.

The compensation that he was receiving for the five weeks, and that includes the last week beginning August 4 according to the time book until August 25th inclusive, and then jumping to September 15th, when he did a full week's work of 44 hours, totals just $80 for five weeks. The average weekly wage then for the whole period for which he was employed, according to the time book, would be $16. I think in all fairness if I give him credit for one-half his average weekly wages, I am probably doing the fair thing by him. Figuring from August 28th to November 10th is ten weeks and three days at $8 a week, totalling $84. Deducting one full week he worked, the week of September 15th, for which he was paid $22, leaves a balance due of $62.

We therefore order that the respondent pay to the petitioner the sum of $62 under this petition.

For petitioner: Roger L. McCarthy, Flynn & Mahoney.

For respondents: Raphael Vicario.